**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHARON BAROS,

        Plaintiff-Appellant,

v.

ADVANTAGE LOGISTICS USA
WEST, LLC, a Delaware corporation,

        Defendant-Appellee.

No. 10-1197
(D.C. No. 1:09-CV-00012-CMA-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **MURPHY**, **McKAY**, and **HOLMES**, Circuit Judges.

---

In this diversity action, Sharon L. Baros appeals from the district court's

grant of summary judgment to her former employer, Advantage Logistics USA

West, LLC, on her claim that Advantage wrongfully discharged her from its

grocery distribution center in retaliation for the exercise of her rights under the

Colorado Workers' Compensation Act. *See, e.g.*, *Lathrop v. Entenmann's, Inc.*,

---

\*     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

770 P.2d 1367, 1372-73 (Colo. App. 1989) (recognizing public-policy based wrongful discharge claim where employer allegedly discharged employee for pursuing workers' compensation benefits). She contends—in the two-page argument section of her brief to this court—that there was uncontroverted evidence not considered by the district court that the job of Unit Picker, which she had performed from February to November 2005, did not require any lifting in excess of ten pounds. Aplt. Opening Br. at 10-11. As such, she asserts that Advantage did not terminate her because the Unit Picker position's physical demands exceeded her physical limitations, but rather in retaliation for her receipt of workers' compensation benefits.

Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, "applying the same standard as the district court" under Fed. R. Civ. P. 56. *Duvall v. Ga.-Pac. Consumer Prods., L.P.*, 607 F.3d 1255, 1259 (10th Cir. 2010). Under that standard, summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] In

---

[1] By amendment effective December 1, 2010, the summary judgment standard previously enumerated in subsection (c) was moved to subsection (a), and there was one word change from the previous version—genuine "issue" became genuine "dispute." Fed. R. Civ. P. 56 advisory committee note (2010 Amendments). But the "standard for granting summary judgment remains unchanged." *Id.*

applying this standard, "we consider the evidence in the light most favorable to the non-moving party." *Id.* (internal quotation marks omitted).

The parties are familiar with the facts and procedural history of this case, and we need not restate either here. *See Baros v. Advantage Logistics USA West, LLC*, No. 09-cv-00012-CMA-BNB, 2010 WL 1416812, at *1-4 (D. Colo. Apr. 8, 2010). Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standard, we hold that Ms. Baros has failed to identify any reversible error in this case. We therefore AFFIRM the district court's judgment for substantially the same reasons stated in its thorough order granting Advantage's motion for summary judgment and denying Ms. Baros's motion for partial summary judgment.

Entered for the Court


Jerome A. Holmes
Circuit Judge